### In re AMERITECH HOMES, INC. Debtor.

### Daniel L. BAKST, Trustee, Plaintiff,

v.

### A.M.I. BUILDERS CORPORATION f/k/a Satter Development Corporation, f/k/a Satter Development Corporation, Inc., Defendant.

Bankruptcy No. 85–01382–BKC–TCB.

Adv. No. 88–0199–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

July 7, 1988.

Kenneth L. Minerley and Susan Needham Brattebo, Palm Beach, Fla., for plaintiff.

Papy, Weissenborn & Papy, Sheridan K. Weissenborn, Coral Gables, Fla., for defendant.

Daniel L. Bakst, West Palm Beach, Fla., trustee.

### MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The trustee seeks recovery under 11 U.S. C. § 547(b) of $200,000 as an alleged preferential transfer to the defendant. The defendant has answered and the matter was tried on May 31.

The trustee claims that the following actions constituted a preferential transfer of the debtor's property to or for the benefit of the creditor.

On December 26, 1984 the debtor entered into a construction contract as subcontractor with the predecessor of the defendant. A performance bond or a letter of credit to secure performance was required as a condition of the contract. The debtor commenced work on the construction project in February, 1985. A letter of credit was issued on April 1, 1985 for the benefit of defendant. The debtor furnished collateral for the letter of credit in the form of a $200,000 certificate of deposit in the name of its parent corporation, Taurus. Entries were made in the records of the debtor and Taurus documenting the character of the transaction as a $200,000 loan from the parent. The debtor defaulted in its performance under the construction contract and the letter of credit was drawn upon on June 14, 1985 and actually paid on June 18.

The debtor's chapter 11 petition was filed on June 17. The case was subsequently converted to chapter 7. The trustee is seeking on behalf of the estate the amount of the CD that was used to obtain the letter of credit.

It is the trustee's burden to establish each of the five elements in this purely statutory cause of action. § 547(b). The defendant has disputed every conceivable issue including raising the affirmative defenses available under § 547(c).

It is the defendant's position that the transfer of the CD as security for the letter of credit was not a:

"transfer of property *of the debtor* (1) to or for the benefit *of a creditor;* (2) for or on account of an antecedent debt owed by the debtor before such transfer was made."

If defendant is right, the trustee must fail because he has the burden of proving the foregoing elements.

The evidence on the first issue is in conflict. The ledger entries showing a loan from the parent Taurus to the debtor to enable the debtor to pledge Taurus' CD for the letter of credit are self-serving. There is no promissory note from the debtor to Taurus. The trustee tried to prove the debtor's ownership of the CD by the testimony of officers of both corporations that the loan was an actual transaction as part of the established pattern used by Taurus to fund the operations of its subsidiary. The "loan" was to provide collateral in this particular instance for the purpose of setting up the letter of credit. The duration of actual ownership of the CD by the debtor before using it for this purpose probably never existed as a matter of fact.

■ Taurus' $200,000 CD was an asset which passed through the debtor on paper only and its disposition was predetermined by Taurus before the "loan". The trustee's own witness, an officer of Taurus and the debtor, does not dispute that the money was loaned for a specific purpose to set up the Ameritech letter of credit. I find that the transfer of this designated asset from the parent corporation through the debtor subsidiary to a bank for a letter of credit to

benefit the defendant did not deplete the debtor's estate of an asset which otherwise would have been available for the claims of other creditors. The trustee has failed to prove element (1) under § 547(b).

■ In addition, the trustee has completely failed to prove element (2). The theory relied upon by the trustee to establish the existence of an antecedent debt was the delayed issuance of the letter of credit which "post-dated the obligation created by the [construction] contract and addendum." (Plaintiff's Post–Trial Memo at p. 11). The trustee argues that this failure of the debtor to timely comply with a contract requirement is a default and, therefore, an antecedent debt. I disagree. The record establishes no debt owing from the debtor to the defendant. In fact, it was candidly admitted by a former officer of the debtor that the defendant owed construction progress payments to the debtor when the letter of credit was issued. (TR at 81–82).

The trustee relies on *In re Air Conditioning, Inc. of Stuart,* 845 F.2d 293 (11th Cir.1988) which is based on facts with significant differences from the case here. In that case the antecedent debt was *undisputed* and the source of the funds for the CD was not proved to be other than the debtor's own assets. The court's recital of the legal conclusion that:

"[w]hen a debtor pledges its assets to secure a letter of credit, a transfer of the debtor's property has occurred under the provisions of 11 U.S.C. § 547,"

does not abrogate the need for proof that the pledged asset was the debtor's property. In fact the court in *Air Conditioning, Inc.* stated:

"[t]here are several possible sources from which the $20,000 could have come such that the transfer to the bank would not have created a preference." *Id.* at 297–98.

It follows, that the trustee has failed to prove elements (1) and (2) of an avoidable preferential transfer under § 547(b). It is, therefore, not necessary to consider the statutory exceptions provided by § 547(c)

raised as affirmative defenses. The complaint is dismissed with prejudice. As is required by B.R. 9021(a), a separate judgment will so provide. Costs may be taxed on motion.